UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**MORTON BEN GOLDSTEIN**,

Debtor.

Case No. **05-65339-7**

# MEMORANDUM OF DECISION

At Butte in said District this 2nd day of May, 2007.

On January 12, 2007, Gary S. Deschenes ("Deschenes"), a chapter 7 trustee, of Great Falls, Montana, filed a motion, with notice, for turnover of $624.24 constituting a portion of the tax refund Debtor received for his 2005 Montana income tax refund, amounting to $788. Deschenes requested in such motion that the prorata amount of $624.24 be remitted to him from Debtor. The Court on January 26, 2007, entered an Order granting Deschenes's motion as Goldstein failed to file a response and request a hearing within the 10-day notice period. Debtor ("Goldstein"), of Havre, Montana, representing himself, filed a motion to reconsider and a motion to vacate Order, on February 2, 2007. On February 12, 2002, Deschenes filed a response to Goldstein's motions and requested a hearing on March 22, 2007. Goldstein filed a reply to

1

Deschenes's response on February 22, 2007.

The Court conducted a hearing on March 22, 2007, and continued the contested matter of Goldstein's motions for reconsideration and vacation until April 26, 2007, to allow Deschenes and Goldstein to further consider the nature of the refund arising from the Montana statutory provisions creating the Montana Elderly Homeowner/Renter Credit, MONT. CODE ANN. ("MCA") §§ 15-30-171 through 179.  Over the course of the two hearings, Deschenes's Exhibits ("D Ex.") 1 through 3 and Goldstein's Exhibits ("G Ex.") A, B, C, and 4 through 10 were admitted.  This contested matter is ready for a decision.

The Court has jurisdiction of this contested matter pursuant to 28 U.S.C. § 157(b)(2)(E) and 11 U.S.C. §§ 541 and 542.  This memorandum of decision contains the Court's findings of fact and conclusions of law.

## FACTS

Goldstein received a Montana income tax refund in the amount of $788 for the year 2005. D Ex. 1; G Ex. 10.  The entire amount of $788 is attributable to the elderly homeowner/renter credit.  Deschenes requested that the amount of $624.24, calculated on a prorata basis, be turned over to him from Goldstein.  D Ex. 2.  The Montana statutes allow a credit, not to exceed $1,000, for property taxes paid by elderly homeowners and renters pursuant to MCA §§ 15-30-171 through 15-30-179, who satisfy certain eligibility requirements.  No dispute exists that Goldstein satisfied the eligibility requirements.

Goldstein was billed for 2005 property taxes in the amount of $1,761.26 on October 31, 2005.  G Ex. 9.  Such billed taxes constitute a lien on the real property from January 1, 2005.  *See* MCA 15-16-403; G Ex. 4.  Goldstein filed his bankruptcy case on October 16, 2005.  The elderly

homeowner/renter credit is based on the real property tax billed by the county treasurer. The real property tax billed in 2005 is payable as follows: the first half of the tax is due November 30, 2005, and the second half of the tax is due May 31, 2006. G Ex. 7 and 9. The Montana Elderly Homeowner/Renter Credit form, Form 2EC, in this instance, is due with Goldstein's Montana income tax return, or if no tax return is due, then by separate form, on or before April 15, 2006. MCA § 15-30-174. Goldstein has paid his 2005 real property tax. G Ex. 6.

## DISCUSSION

Goldstein's 2005 income tax refund, or as in this case, the elderly homeowner/renter credit, or a portion thereof, is property of his bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). No exemption exists for such a refund or credit, under Montana law. The Montana Elderly Homeowner/Renter Credit became law in 1981. *See* MCA §§ 15-30-171 through 179. The form of relief provided by the credit involves a credit to an individual taxpayer's income tax, or if no tax is owing, the taxpayer is entitled to receive the entire amount by filing a claim. A personal representative of an estate of a deceased taxpayer may claim the credit. An individual may revise a return and make a claim within 5 years from the last day prescribed for filing a claim for relief.

The matters before the Court are motions for reconsideration and vacation under FED. R. BANKR. P. 9023 and 9024, incorporating by reference, FED. R. CIV. P. 59 and 60. Given Goldstein's evidence that he received Deschenes's motion for turnover mailed on January 12, 2007, on January 25, 2007, one day before this Court's Order, the Court will apply FED. R. BANKR. P. 9023 and will decide this contested matter on the merits and based upon the exhibits admitted during the two hearings. Goldstein filed his motions within the 10-day period required by Rule 9023(e), even though he failed to timely file any response and request a hearing on

3

Deschenes's motion for turnover.

The relief provided under the Montana statute is a credit against Goldstein's Montana individual income tax liability and is a credit permitted by statute even if no income tax is payable by Goldstein. *See* MCA § 15-30-175. The exhibits submitted by Goldstein at the first and second hearing on his motions merely reinforce the earlier decision of this Court that the credit is property of the estate on a prorata basis as calculated by Deschenes warranting turnover. D Ex. 2. Although Goldstein filed his bankruptcy case prior to receiving the real property tax bill, the nature of the credit or tax refund is not altered as the credit/tax refund is attributable to the real property taxes billed for 2005 during the claim period, which is also 2005. "Claim period" is defined by MCA 15-30-171(1) and means "the tax year for individuals required to file Montana individual income tax returns and the calendar year for individuals not required to file returns." As noted by MCA 15-16-403, the tax due on real property is a lien of such property as of January 1 of each year regardless of when the tax is billed. Nothing contained in the statutory provisions for the Montana Elderly Homeowner/Renter Credit or in the Montana exemption statutes either exclude the monetary amount from Goldstein's bankruptcy estate or allow Goldstein to claim such monetary credit through an exemption.

Based upon the foregoing discussion and analysis, the Court will enter the following separate order,

IT IS ORDERED that Goldstein's motion for reconsideration of trustee's motion for turnover is granted; that Goldstein's motion to vacate Order of January 26, 2007 is denied; that Deschenes's motion for turnover is granted; that Goldstein's response and objection are overruled; that, after reconsideration, the Court's Order of January 26, 2007, remains in full force

and effect; and that Goldstein shall turnover to Deschenes, by remittance, the amount of $624.24, on or before June 1, 2007.

                                              BY THE COURT

                                              _____
                                              HON. RALPH B. KIRSCHER
                                              U.S. Bankruptcy Judge
                                              United States Bankruptcy Court
                                              District of Montana